George **SIDEROPOULOS**, Petitioner,

v.

**IMMIGRATION & NATURALIZATION SERVICE**, Respondent.

No. 16472.

United States Court of Appeals
Sixth Circuit.

March 16, 1966.

Joseph A. Gatto, Detroit, Mich., for petitioner.

Charles G. Heyd, Asst. U. S. Atty., Cincinnati, Ohio, for respondent, Joseph P. Kinneary, U. S. Atty., Cincinnati, Ohio, on the brief.

Before McALLISTER, Senior Circuit Judge, CELEBREZZE, Circuit Judge, and WILSON, District Judge.*

PER CURIAM.

 This is a petition for review of the decision of the Board of Immigration Appeals affirming an order of deportation entered against the petitioner. The petitioner, a native and citizen of Greece, entered the United States at Detroit, Michigan, upon May 23, 1958. This entry into the United States was upon a non-quota immigrant visa issued to the petitioner on May 23, 1958, on the representation that he was married to one Elizabeth Tidd, a United States citizen. The deportation order was entered after a hearing before a special inquiry officer pursuant to law and upon findings that the petitioner was excludable at the time of entry by reason of the fact that the visa he presented was obtained by fraud, in violation of 8 U.S.C. 1251(a) (1) and 8 U.S.C. 1182(a) (19), and by reason of the fact that the petitioner entered the United States with a visa that was procured by fraud in that it was obtained on the basis of a marriage to a United States citizen entered into less than two years prior to entry, which marriage was judicially terminated within two years subsequent to entry, in violation of 8 U.S.C. 1251(a) (1), 1182(a) (19), and 1251(c). The contention of the petitioner is that the findings upon which the order of deportation and the denial of a voluntary departure were entered were based upon statements of the petitioner taken at a time when he was without the assistance of legal counsel. It is the petitioner's position in this regard that deportation proceedings bear such a close resemblance to criminal proceedings as to require the application of the rules laid down in the cases of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, to any statements of the alien introduced upon a deportation hearing. The statements complained of included admissions by the petitioner that he did not enter into a bona fide marriage with a citizen of the United States and that he had never lived with the woman to whom he purported to have been married. It is conceded by the petitioner, however, that even were the statements herein complained of stricken from the record, grounds for deportation would exist upon the undisputed record. The petitioner offered no evidence at the deportation hearing, but rather rested his case entirely upon his objections to the introduction of the statements complained of. Apart from any statements of the petitioner, it is undisputed in the record that the petitioner was an alien who entered the United States upon a non-quota immigrant visa issued upon the basis of his marriage to a United States citizen upon September 13, 1957. It is further undisputed that the marriage was judicially terminated by divorce upon July 13, 1959, or within less than two years of the alien's entry into the United States upon May 23, 1958. Under the provisions of 8 U.S.C. 1251(c), the burden is upon the alien to establish that the

---

* Honorable Frank W. Wilson, United States District Judge for the Eastern District of Tennessee, sitting by designation.

marriage with a United States citizen was not contracted for the purpose of evading the provisions of the immigration law where the Immigration & Naturalization Service has once shown by substantial evidence that the alien entered the United States on a non-quota immigrant visa based upon a marriage to a United States citizen, which marriage was entered into with two years prior to entry and was judicially terminated within two years subsequent to entry. Todaro v. Pederson, 305 F.2d 377 affirming 205 F.Supp. 612 (C.A.6, 1962).

Accordingly, no issue is here presented with respect to the applicability of the rules in Massiah v. United States, supra, and Escobedo v. State of Illinois, supra, to deportation proceedings. The petitioner complains of the order denying him voluntary departure. The denial of voluntary departure is within the discretion of the Immigration Service and we find no abuse of such discretion upon the record here presented. 8 U.S.C. 1101(f) (6).

The decision of the Board of Immigration Appeals will be affirmed.