Nabil George **YALDO**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE,** Respondent.

No. 19135.

United States Court of Appeals,
Sixth Circuit.

April 16, 1970.

John Palumbo, East Detroit, Mich., for petitioner; Palumbo & Soave, by John Palumbo, East Detroit, Mich., on brief.

Murray R. Stein, Dept. of Justice, Washington, D. C., for respondent; William W. Milligan, U. S. Atty., Norbert A. Nadel, Asst. U. S. Atty., Cincinnati, Ohio, on brief, Will Wilson, Asst. Atty. Gen., Paul C. Summitt, Murray R. Stein, Attys., Dept. of Justice, Washington, D. C., of counsel.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

Petitioner seeks review of decisions of the Board of Immigration Appeals affirming the findings of a Special Inquiry Officer pursuant to 8 U.S.C. § 1256 (1964) rescinding petitioner's permanent resident alien status and ordering him deported. The underlying substantive issue in both the recission and deportation proceedings was whether petitioner entered into a fraudulent marriage with an American citizen solely for the purpose of gaining permanent resident alien status.

Petitioner, a native and citizen of Iraq, entered the United States in 1965 on a student visa authorizing him to stay approximately two years. In December of 1966 he married one Sharon Florence, a native United States citizen, and he immediately began proceedings to have his status changed from that of nonimmigrant student to permanent res-ident alien, the status to which he would be entitled as the spouse of a United States citizen. Six months later petitioner received notification of the change in his status to permanent resident alien, and approximately ten days thereafter he left his wife and instituted divorce proceedings against her. Petitioner subsequently abandoned the divorce proceedings and instead permitted his wife to obtain an annulment of the marriage by default.

At the hearing before the Special Inquiry Officer on the recission of petitioner's permanent resident alien status, petitioner's ex-wife testified, in addition to the facts outlined above, that their marriage had never been consummated and that petitioner had told her upon receiving notification of the change in his status that he had entered into the marriage only to gain the permanent resident alien status.

■■ The first issue raised here by petitioner is whether the Special Inquiry Officer committed an abuse of discretion by permitting his ex-wife to testify to confidential communications made during the course of the marriage. However, review of the entire record of the recission proceedings discloses that petitioner's counsel made no objection to the ex-wife's testimony concerning petitioner's statements to her that he had married her only to gain permanent resident alien status. Counsel's only objection came upon a question by the government to the ex-wife concerning the sexual relationship of the parties. The objection was "to anything that transpired during their marriage * * * [T]o anything * * * which took place between the two of them during the period in which they were husband and wife." It is clear from the context in which the questions were asked and the objection made, that the objection was only to her testimony concerning their apparently abnormal sexual relationship and the failure to consummate the marriage. As to these facts the ex-wife was competent to testify since the marriage had been terminated prior to the hearing be-

low. 8 Wigmore, Evidence § 2237 (McNaughton rev. 1961). Under these circumstances we cannot say that the Special Inquiry Officer committed an abuse of discretion by permitting petitioner's ex-wife to testify to statements made during the course of the marriage.

The second issue raised by petitioner is whether the government sustained its burden of proof in the recission proceedings by "clear, unequivocal and convincing evidence" (Woodby v. Immigration and Naturalization Service, 385 U.S. 276, 286, 87 S.Ct. 483, 17 L. Ed.2d 362 (1966)). Petitioner's argument is in essence that the government's evidence, which rested primarily on the testimony of petitioner's ex-wife, was unworthy of belief because she was biased against him. This argument, however, goes to the weight of the evidence and the credibility of the witnesses and is not properly addressed to us. Polites v. Sahli, 302 F.2d 449, 451 (6th Cir.), cert. denied, 371 U.S. 916, 83 S.Ct. 259, 9 L.Ed.2d 175 (1962); Lattig v. Pilliod, 289 F.2d 478, 480 (7th Cir. 1961).

While the government has the burden of proving its case before the Special Inquiry Officer by "clear, unequivocal and convincing evidence," the scope of review by this Court is limited to whether the administrative tribunal used that standard of proof in making its findings below and whether those findings are supported by "reasonable, substantial and probative evidence." 8 U.S.C. § 1105a(a) (4) (1964); Woodby v. Immigration and Naturalization Service, *supra,* 385 U.S. at 281–282, 87 S.Ct. 483. Review of the entire record discloses that both the Special Inquiry Officer and the Board of Immigration Appeals employed the proper standard of "clear, unequivocal and convincing evidence" in making their findings below. Review of the record further discloses that the testimony of petitioner's ex-wife, if believed, would, along with the other evidence, support the findings below. As stated above, we are not permitted to substitute our judgment for that of the Board or the Special Inquiry Officer with respect to the credibility of this testimony or the ultimate findings of fact based thereon. It is therefore determined that the findings below are supported by "reasonable, substantial and probative evidence," and the decisions of the Board of Immigration Appeals are affirmed.