## MATTER OF CASTILLO-SEDANO

### In Exclusion Proceedings

### A-31284721

### *Decided by Board September 5, 1975*

As the California decree of annulment of applicant's marriage to a United States citizen was a default judgment procured by applicant's wife, and the evidence adduced at the hearing before the immigration judge showed that no fraud was involved, the relation-back doctrine as set forth in *Matter of Samedi*, 14 I. & N. Dec. 625, is not followed with respect to the annulment of applicant's marriage, since to do so would result in a gross miscarriage of justice (*Matter of B–*, 3 I. & N. Dec. 102).

EXCLUDABLE:  Act of 1952—Section 212(a)(14) [8 U.S.C. 1182(a)(14)]—No valid labor certification.

Act of 1952—Section 212(a)(19) [8 U.S.C. 1182(a)(19)—Obtained visa by fraud or willful misrepresentation of material facts.

Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No valid immigrant visa.

ON BEHALF OF APPLICANT:
Robert S. Fox, Esquire
Room 226, Dool Building
Calexico, Califronia 92231

ON BEHALF OF SERVICE:
Anthony M. DeGaeto
Appellate Trial Attorney

In a decision dated May 1, 1974, the immigration judge ordered the applicant's admission to the United States as a returning resident immigrant. The Service has appealed from that decision. The appeal will be dismissed.

The alien applicant is a native and a citizen of Mexico who was originally admitted to the United States for permanent residence on November 10, 1971. He was issued an immigrant visa and exempted from the labor certification requirements of section 212(a)(14) of the Immigration and Nationality Act on the basis of his marriage to a United States citizen on July 10, 1971.

In April 1972, the applicant became a commuter, residing in Mexico and entering this country on a daily basis to work. On August 14, 1973, in a California court, the applicant's spouse procured a decree of annulment of her marriage to the applicant.

When the applicant attempted to return to the United States on

445

approximately September 21, 1973, he was referred for an exclusion hearing. The Service contends that the applicant's marriage to a United States citizen was fraudulent and that he is therefore excludable under sections 212(a)(14), (19) and (20) of the Act.

The applicant testified at the hearing. His former wife did not. On the basis of the evidence adduced at the hearing, the immigration judge found that the applicant and his wife were close friends for approximately 18 months before their marriage and that they had resided together as husband and wife for approximately nine months. He also found that the judgment of nullity of the applicant's marriage was a default order and that it should not be considered an adjudication on the merits that the marriage was fraudulent. He found that the annulment was obtained as the result of incompatability or some other cause unrelated to evasion of the immigration laws.

The immigration judge considered the effect of *Matter of Samedi,* 14 I. & N. Dec. 625 (BIA 1974), which holds that annulments in California relate back to the date of marriage and constitute a finding that no marriage ever existed. However, relying on language in *Matter of B-,* 3 I. & N. Dec. 102 (BIA 1947), he stated that it was clear that the relation back doctrine was not followed blindly where to do so would result in a gross miscarriage of justice. He found that to apply the relation back doctrine in the present case would result in just such a miscarriage of justice.

We concur in the immigration judge's findings of fact. We also agree with his statement that the relation back doctrine, as set forth in *Matter of Samedi,* supra, cannot be applied blindly where to do so would result in a gross miscarriage of justice. This view has been recognized by both the California Supreme Court, *Sefton* v. *Sefton,* 45 Cal. 2d 872, 291 P.2d 439 (1955), and this Board, *Matter of B-,* supra; *Matter of M-,* 3 I. & N. Dec. 25 (BIA 1947); *Matter of T-,* 8 I. & N. Dec. 493, 496 (BIA 1959); *Matter of Yaldo,* 12 I. & N. Dec. 830, 832n.1 (BIA 1968), aff'd *Yaldo* v. *INS,* 424 F.2d 501 (C.A. 6, 1970).

Under the circumstances present in this case, where there was a default decree of annulment procured by the applicant's wife, and the evidence adduced before the immigration judge actually showed that no fraud was involved, we agree with the immigration judge's decision not to apply the relation back doctrine to the applicant's annulment. Consequently, the immigration judge's decision was correct, and the Service appeal will be dismissed.

**ORDER:** The appeal is dismissed.