MATTER OF TANORI

In Deportation Proceedings

A-17262054

*Decided by Board February 4, 1976*

Where the deportability of respondent resulted from a conviction of a marijuana violation which occurred prior to his temporary departure from the United States; evidence of record establishes that he is statutorily eligible for discretionary relief under section 212(c) of the Immigration and Nationality Act; he has close family ties in the United States, and there is no evidence of misconduct apart from the conviction of a marijuana violation, the record is remanded in order to give the immigration judge an opportunity to consider, in deportation proceedings, respondent's application for a *nunc pro tunc* waiver under section 212(c) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted for possession of marijuana for sale in violation of section 36-1002.06 of the Arizona Revised Statutes.

ON BEHALF OF RESPONDENT:
Byron B. Park, Esquire
Edward R. Litwin, Esquire
681 Market Street, Suite 930
San Francisco, California 94105

OE BEHALF OF SERVICE:
Bernard J. Hornbach
Trial Attorney

In a decision dated March 12, 1974, the immigration judge found the respondent deportable on the above charge, and ordered him to be deported to Mexico. On appeal to this Board, the respondent applied for termination of proceedings or, in the alternative, remand for consideration of an application for a *nunc pro tunc* waiver under section 212(c) of the Immigration and Nationality Act. In our decision dated December 26, 1974, we found that respondent was deportable. Accordingly, we denied his request for remand and dismissed the appeal. Respondent appealed that decision to the United States Court of Appeals for the Ninth Circuit. On June 18, 1975, the United States Attorney moved to remand this case. On July 15, 1975, the Court of Appeals issued an order granting that motion and remanding this case to us for further administrative proceedings. The record will be remanded to the immigration judge.

The issues presented by the case are whether the respondent is statutorily eligible for discretionary relief under section 212(c) of the Act in a deportation proceeding, and whether respondent's case merits a favorable exercise of discretion. The respondent is a 26-year-old alien, native and citizen of Mexico. He was lawfully admitted for permanent residence on March 4, 1966. On August 21, 1973, respondent was convicted in the Superior Court of the State of Arizona of possession of marijuana for sale in violation of section 36-1002.06 of the Arizona Revised Statutes.

The record contains a copy of a receipt from a jewelry store in San Luis, Mexico which indicates that respondent made a payment of $30 for a gold chain on August 21, 1973. Also of record is a copy of a letter from respondent's sister, Esthela Tanori de Aguayo, which indicates that respondent visited her in San Luis, Mexico on August 21, 1973, and returned to Salinas, California on the next day. Respondent stated in a letter to his attorney on April 2, 1974, that he made a telephone call to his wife in the United States from San Luis, Mexico on August 21, 1973, but was unable to obtain a record of that call from the Mexican telephone company. In an application for advance permission to return to unrelinquished domicile, respondent stated that he departed temporarily from the United States and entered Mexico on August 21, 1973 for a period of 24 hours, and was readmitted to the United States at the San Luis border station August 22, 1973.

Section 212(c) of the Act provides that aliens lawfully admitted for permanent residence, who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to certain specified grounds for exclusion enumerated in section 212(a) of the Act. The grounds specified include an alien convicted of a marijuana violation as set forth in section 212(a)(23) of the Act.

In this case respondent had been lawfully admitted for permanent residence. His deportability resulted from a conviction of a marijuana violation which occurred prior to his departure from the United States. The evidence establishes that his departure was voluntary and temporary and not under an order of deportation. There is no evidence in the record to controvert the fact that at the time of his last entry respondent was returning to an unrelinquished domicile of seven consecutive years.

A waiver of the ground of inadmissibility under section 212(c) of the Act may be granted *nunc pro tunc* in deportation proceedings, *Matter of Edwards*, 10 I. & N. Dec. 506 (BIA 1963, 1964); *Matter of G—A—*, 7 I. & N. Dec. 274 (BIA 1956); *Matter of S—*, 6 I. & N. Dec. 392 (BIA 1954; Atty. Gen. 1955); *Matter of F—*, 6 I. & N. Dec. 537 (BIA 1955); *Matter of M—*, 5 I. & N. Dec. 598 (BIA 1954); *Matter of L—*, 1 I. & N. Dec. 1

(BIA, Atty. Gen. 1940). (Decided under predecessor statute.) Under section 212(c) of the Act, a waiver of the ground of inadmissibility may be granted in a deportation proceeding when, at the time of the alien's last entry, he was inadmissible because of the same facts which form the basis of his deportability, *Matter of G—A—, supra; Matter of S—, supra.* We conclude that under the circumstances of this case, the respondent is statutorily eligible for relief from deportation pursuant to section 212(c) of the Act.

The respondent has been a permanent resident alien for more than nine consecutive years. He has close family ties in the United States which include his parents and his wife who are also lawful permanent residents. The record reveals that he has one United States citizen child, and that his wife was pregnant at the time he applied for discretionary relief under section 212(c) of the Act. Following his conviction, the Superior Court of the State of Arizona ordered the suspension of the imposition of sentence for a period of three years. On October 8, 1973 he began a job training program in truck diesel mechanics at the Opportunities Industrialization Center in San Jose, California. The record does not contain evidence of misconduct apart from the aforementioned conviction. We shall remand the record in order to give the immigration judge an opportunity to consider respondent's application for a *nunc pro tunc* waiver under section 212(c) of the Act.

ORDER: The record is remanded to the immigration judge for further proceedings in accordance with the above opinion.