MATTER OF HOM

In Deportation Proceedings

A–14338500

*Decided by Board February 25, 1977*

(1) Respondent who entered the United States as a lawful permanent resident in 1967 was, in 1975, found deportable under section 241(a)(11) of the Immigration and Nationality Act as an alien who had been convicted of a violation of a law relating to the illicit possession or traffic in a narcotic drug. Respondent moved to reopen deportation proceedings to apply for adjustment of status under section 245 of the Act which was denied by the immigration judge on the ground that respondent was statutorily ineligible for that relief, and respondent appealed.

(2) The appeal will be sustained, and the motion will be granted. In the light of *Francis* v. *INS*, 532 F.2d 268, and *Matter of Silva*, Interim Decision 2532 (BIA 1976) a waiver of the grounds of inadmissibility under section 212(c) of the Act may be granted in deportation proceedings regardless of whether the alien made an entry when eligible for the relief or whether the alien may adjust his status under section 245. Consequently, in the circumstances of the instant case, the question of respondent's eligibility for adjustment of status is not relevant. Upon a showing of eligibility for section 212(c) relief, deportation proceedings may be reopened to give respondent opportunity to apply for relief under section 212(c) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of a violation of a law relating to the illicit possession or traffic in a narcotic drug

ON BEHALF OF RESPONDENT: Stanley H. Wallenstein, Esquire
Schiano & Wallenstein
80 Wall Street
New York, New York 10005

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

In a 1975 decision of an immigration judge, the respondent was found deportable as an alien who had been convicted of a violation of a law relating to the illicit possession or traffic in a narcotic drug under section 241(a)(11) of the Immigration and Nationality Act. The respondent moved to reopen the proceedings in order to apply for adjustment of status under section 245 of the Act. The immigration judge denied the motion on the ground that the respondent had failed to establish statut-

ory eligibility for section 245 relief. The respondent has appealed from that denial. The appeal will be sustained and the motion will be granted.

The respondent, a native and citizen of China, seeks to avoid deportation by obtaining a waiver of inadmissibility under section 212(c) in connection with an adjustment of status under section 245.

Section 212(c) provides in pertinent part:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraph (1) through paragraphs (25) and paragraphs (30) and (31) of subsection (a).

The respondent concededly is inadmissible under section 212(a)(23) by reason of his narcotics conviction.

Although the statute describes a waiver available to an alien seeking to enter the United States, we long held that this waiver might be granted in deportation proceedings if either (1) the same ground of deportability would have rendered the alien inadmissible at his last entry and at the time of that entry, the alien was eligible for the relief [*Matter of Tanori*, Interim Decision 2467 (BIA 1976)], or (2) the application for a waiver under section 212(c) was made in connection with an application for adjustment of status under section 245 of the Act. *Matter of Smith*, 11 I. & N. Dec. 325 (BIA 1965). An alien in deportation proceedings who had neither reentered the United States since becoming deportable nor was eligible for adjustment of status was precluded from obtaining the relief. *Matter of Arias-Uribe*, 13 I. & N. Dec. 696 (BIA 1971), aff'd 466 F.2d 1198 (September 1972).

The United States Court of Appeals for the Second Circuit, however, held in *Francis v. INS*, 532 F.2d 268 (2 Cir. 1976), that the provisions of section 212(c) are available not only to permanent resident aliens who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, but that section 212(c) relief may also be granted to non-departing permanent resident aliens with a lawful unrelinquished domicile of seven consecutive years. The Board subsequently held in *Matter of Silva*, Interim Decision 2532 (BIA 1976), that under the court's decision in *Francis, supra*, no distinction shall be made between permanent resident aliens who temporarily proceed abroad and non-departing permanent resident aliens in applying the provisions of section 212(c).

Under Board decisions rendered prior to *Silva, supra*, the respondent in the present case who has not departed the United States since his narcotics conviction, could only have made his application for a section 212(c) waiver in connection with an application for adjustment of status. However, following the reasoning in *Silva, supra*, a section 212(c)

waiver may now be granted in deportation proceedings regardless of whether the alien made an entry when eligible for the relief or whether the alien may adjust his status to that of a lawful permanent resident under section 245. Consequently, in the circumstances of the present case the question of the respondent's eligibility for adjustment of status is not relevant. Upon a showing of eligibility for section 212(c) relief, deportation proceedings may be reopened in order that the respondent be given an opportunity to apply for the benefits of section 212(c).

The record indicates that the respondent entered the United States for lawful permanent residence in 1967. An order of deportation was entered against him in 1975. No application was made at that time for section 212(c) relief. Shortly thereafter the respondent submitted the present motion to reopen. Inasmuch as it appears that the respondent is statutorily eligible for discretionary relief under section 212(c), we shall sustain the appeal and grant the motion to reopen the proceedings. At the reopened proceedings, the respondent shall be afforded an opportunity to make an application for section 212(c) relief before the immigration judge.

**ORDER:** The appeal is sustained; it is ordered that the hearing be reopened in order to afford the respondent an opportunity to make an application for discretionary relief under the Immigration and Nationality Act.

**IT IS FURTHER ORDERED** that, if discretionary relief is granted by the immigration judge, the outstanding order of deportation be withdrawn.

114