MATTER OF DEVERA

In Section 246 Proceedings

A-20324729

*Decided by Board June 29, 1977*

(1) In rescission proceedings under section 246 of the Immigration and Nationality Act, the immigration judge is not bound by judicial rules of evidence. He may receive into evidence any oral or written statement previously made by the respondent or any other person during any investigation or examination which is material and relevant to any issue in the case. See 8 C.F.R. 246.3 and 242.14(c).

(2) The affidavit of the respondent's spouse was admissible under 8 C.F.R. 246.5(b) despite her unavailability for cross-examination where the Service established that it was unable to secure her presence at the hearing by subpoena.

(3) Under section 804(b)(3) of the Federal Rules of Evidence, a statement by an unavailable declarant which would otherwise be inadmissible as hearsay, is admissible if, at the time of its making it so far tended to subject the declarant to criminal liability that a reasonable man would not have made the statement unless he believed it to be true. This statement tended to subject the affiant to criminal liability under 18 U.S.C. 371 on the basis of statements made on the Form I-130 visa petition. Thus this statement would be admissible in judicial proceedings. Affiant meets the unavailability requirement of section 804(a)(5) of the Federal Rules of Evidence based on the Service's unsuccessful efforts to locate her.

(4) An affidavit made by an unavailable declarant which is of sufficient reliability that it would be admissible in a Federal judicial proceeding as a declaration against penal interest is entitled to full weight in an administrative deportation proceeding.

(5) The Government has established its case by clear, convincing and unequivocal evidence, where respondent's attempts to rebut statements in the affidavit are not credible, and where the statements in the affidavit are corroborated by testimony of other witnesses.

ON BEHALF OF RESPONDENT:   John L. Weir, Esquire
483 Castro Street
San Francisco, California 94114

BY: Milhollan, Chairman; Wilson, Appleman, and Maguire, Board Members

The respondent, a native and citizen of the Philippines, was served with a Notice of Intent to Rescind Adjustment of Status under section 246 of the Immigration and Nationality Act on April 10, 1974. Pursuant to 8 C.F.R. 246.1, the respondent requested a hearing before an immigration judge in lieu of filing a written answer to the allegations con-

tained in the notice. At the hearing, the respondent denied all of the allegations contained in the Notice of Intent. The immigration judge found that the respondent had been ineligible for adjustment of status, and rescinded the respondent's permanent resident status. The respondent appeals. The appeal will be dismissed.

The respondent entered the United States from the Philippines as a temporary visitor on June 27, 1972. He married a native born United States citizen on September 3, 1972, in Reno, Nevada. Upon approval of a petition to classify the respondent as an immediate relative, the status of the respondent was adjusted to that of a lawful permanent resident on December 19, 1972. In the Notice of Intent to Rescind, the Service charged that the respondent's marriage had never been consummated, that he and his spouse had never cohabited as husband and wife, and that the sole purpose of the marriage had been to circumvent the immigration laws of the United States. The Service thus charged that the respondent had been ineligible for an immediate relative visa, and was therefore not exempt from the labor certification requirement of section 212(a)(14). Accordingly, it was charged that the respondent's permanent resident status was subject to rescission.

The hearing was held on November 12, 1974, and, after two continuances, was completed on December 4, 1974, and April 4, 1975. The respondent testified that he had first met his wife in the summer of 1972, when he was living with his cousin in San Francisco, California. After a short courtship, she agreed to marry him. On September 3, 1972, they were married in Reno, Nevada, in the presence of his cousin. After the wedding, the respondent and his wife had returned to San Francisco, where they had lived with his cousin for a period of approximately two or three weeks. In October, 1972, the respondent left San Francisco for job-training in Los Angeles. He maintained no contact with his wife or his cousin during his absence. In November of 1972, he returned to San Francisco when he was notified by his cousin of a forthcoming Service interview concerning his application for adjustment of status. In San Francisco, he found that his wife was now living with a female friend, and that she evidenced no desire to return to him. Nonetheless, the respondent and his wife spent the night preceding the interview together at his cousin's home. At the Service interview on the following morning, the respondent and his wife reasserted that they were cohabiting at the cousin's address. The respondent also testified that he had tried to persuade his wife to resume cohabitation with him, but that she had refused.

The respondent's cousin also testified at the hearing. Her testimony contradicted that of the respondent in several ways: (1) She stated that she had seen the respondent's wife only three times: at the wedding in Reno (Tr. p. 60), the day after the wedding in San Francisco (Tr. p. 63),

and on the night before the November Service interview, when the respondent and his wife had eaten a meal at the cousin's house (Tr. pp. 77–78); (2) the respondent had left for his job-training in Los Angeles two days after the wedding (Tr. p. 75).

Although the immigration judge found the respondent's testimony to be less credible, he found that on the basis of this evidence alone, the respondent's ineligibility for adjustment of status had not been established by clear, convincing, and unequivocal evidence. See *Yaldo v. INS*, 424 F.2d 501 (6 Cir. 1970) (immigration judge's op., p. 3).

On November 12, 1974, the first day of the hearing, the Service also sought to introduce the affidavit of the respondent's wife. In this affidavit, obtained by a Service investigator at the wife's place of employment on August 31, 1973, the wife stated that the marriage had never been consummated, that she and the respondent had never cohabited, and that she had married the respondent as a favor to an unnamed friend. She further stated that after the marriage, she and the respondent had gone their "separate ways." The Service officer to whom the statement had been made testified at the hearing. He stated that the affidavit was typed by the respondent's wife after she had been advised of her rights to remain silent and to consult an attorney.

The respondent's objection to the introduction of this affidavit was sustained by the immigration judge on the first two hearing dates. The immigration judge held that the affidavit, although admissible into evidence under 8 C.F.R. 246.3 and 8 C.F.R. 242.14(c), should not be so admitted until the Service had produced the affiant for cross-examination by the respondent, or established that a reasonable attempt had been made to do so, as provided by 8 C.F.R. 246.5(b). On April 4, 1975, after testimony by the Service Investigator concerning his successful attempts to locate and serve a subpoena upon the affiant, the immigration judge admitted the affidavit into evidence. Primarily on the basis of this affidavit, the immigration judge found that the Service had established that the respondent's marriage had been entered into for the purpose of evading the immigration laws, and thus that it would not support the grant of immediate relative benefits under section 201(b) of the Act. Since the respondent had conceded that he had not been issued a labor certification under section 212(a)(14) (see *Matter of Suleiman*, Interim Decision 2522 (BIA 1974)), the immigration judge found that he had been ineligible for adjustment of status, and therefore found rescission to be in order.

The respondent, on appeal, first contends that the affidavit, an *ex parte* statement of a witness not presented for cross-examination, was improperly admitted into evidence. This argument is without merit. The immigration judge in rescission proceedings is not bound by judicial rules of evidence. *Martin-Mendoza v. INS*, 499 F.2d 918 (9 Cir. 1974);

*Navarrette-Navarrette* v. *Landon*, 223 F.2d 234 (9 Cir. 1955); *Matter of J—*, 6 I. & N. Dec. 496 (BIA 1955). Under 8 C.F.R. 242.14(c), made applicable to rescission proceedings under 8 C.F.R. 246.3, the immigration judge may receive into evidence any oral or written statement which is material and relevant to any issue in the case previously made by the respondent or any other person during any investigation or examination. Clearly, the affidavit satisfied these two criteria.

Under 8 C.F.R. 246.5(b), the respondent in rescission proceedings has the right to a "reasonable opportunity" to cross-examine the maker of a declaration adverse to his interests. However, the use of the word "reasonable" necessarily implies practical limitations on this right. When, as here, the Government has established that it has been unable to secure the presence of the affiant by subpoena, the admission of an affidavit without cross-examination of the affiant by the respondent does not run afoul of 8 C.F.R. 246.5(b) or violate the respondent's due process right to a fair hearing. *Martin-Mendoza* v. *INS, supra; de Hernandez* v. *INS*, 498 F.2d 919 (9 Cir. 1974); *Navarrette-Navarrette* v. *Landon, supra; U.S. ex rel. Impastato* v. *O'Rourke*, 211 F.2d 609 (8 Cir. 1954); *Matter of Conliffe*, 13 I. & N. Dec. 95 (BIA 1968). We hold that the affidavit of the respondent's spouse was admissible into evidence at the rescission hearing, despite the unavailability of the affiant for cross-examination, when the Service established that it had been unable to procure the presence of the affiant by subpoena.

The respondent next contends that, even if admissible, the affidavit could not validly form the primary basis for a finding of ineligibility, since its probative value should have been substantially discounted by the respondent's lack of opportunity to cross-examine the affiant. In basing his finding primarily on the affidavit, Judge Kroll, in a comprehensive and scholarly opinion, found no judicial or Board authority for the proposition that a finding may be based on "*ex parte* affidavits, the makers of which have not been presented for cross-examination because they were unavailable, where the charge was unsustainable without reliance on the affidavits." (immigration judge's op., p. 11.) However, relying on the fact that the affidavit would have been admissible in Federal judicial proceedings as a declaration against penal interest made by an unavailable witness, the immigration judge found that the affidavit was entitled to sufficient weight to sustain the finding of ineligibility.

Administrative proceedings must conform to the Fifth Amendment requirements of fundamental fairness. *Harisiades* v. *Shaughnessy*, 342 U.S. 580 (1951). See also *Woodby* v. *INS*, 385 U.S. 276 (1966). Courts have expressed substantial concern over whether an administrative finding based primarily upon *ex parte* hearsay statements would comport with the due process requirements of a fair hearing. *Martin-*

*Mendoza* v. *INS, supra; de Hernandez* v. *INS, supra; Navarrette-Navarette* v. *Landon, supra.* As the immigration judge notes in his opinion, in all cases in which judicially inadmissible evidence has been admitted in administrative proceedings, the ultimate findings have been entirely sustainable based upon other, unchallenged evidence. In *de Hernandez* and *Navarette-Navarette,* for example, the Government presented the confession of the respondent in addition to the *ex parte* affidavit of an unavailable witness. In *Martin-Mendoza,* the finding could have been based upon the statements of a Government witness made at the hearing itself.

However, we do not address the issue in this case of whether a finding based primarily upon judicially inadmissible evidence would comport with the requirements of fundamental fairness. The affidavit in this case is not the sort of uncorroborated hearsay evidence which, though admissible in administrative proceedings, might well be insufficient basis, standing alone, for a decision under the authority above. Under section 804(b)(3) of the Federal Rules of Evidence, governing proceedings before Federal courts and United States magistrates, a statement by an unavailable declarant which would otherwise be inadmissible hearsay is admissible if the statement "at the time of the making so far tended to subject [the declarant] to . . . criminal liability . . . that a reasonable man in his position would not have made the statement unless he believed it to be true." Under section 804(a)(5), an "unavailable witness" is a witness absent from the hearing where "the proponent of the statement has been unable to procure his attendance or testimony by process or other reasonable means."

The affiant's statements contained in the affidavit and admitted into evidence against the respondent clearly tended to subject her to criminal liability under 18 U.S.C. 371, which makes criminal any conspiracy to defraud the United States Government. See *Lutwak* v. *United States,* 344 U.S. 604 (1953); *United States* v. *Pantelopoulos,* 336 F.2d 421 (2 Cir. 1964). The visa petition (Form I-130) executed by the affiant contains a notification of the criminal penalties resulting from any willful misrepresentations on the Form I-130. Similarly, the fact that the Service officer who obtained the affiant's statement advised her of her rights to silence and to consult an attorney is evidence that she was on notice of the criminal penalties resulting from her conduct. The attempts by the Service to locate the affiant satisfy the unavailability requirement of section 804(a)(5). We conclude, therefore, that the affidavit would have been properly admitted into evidence in a Federal judicial proceeding.

One of the primary purposes of the right to cross-examine in *any* forum is that cross-examination is believed to insure the reliability and credibility of a witness' testimony. See 5 Wigmore, *Evidence* §1367 (3d

ed. 1940). However, reliability and credibility are likewise insured when, as here, an *ex parte* statement falls within an express exception to the rule against hearsay. See *Advisory Committee on Rules of Evidence*, Note to Rule 804, Commerce Clearing House, 1975. Cross-examination and specific exceptions to the hearsay rule have, in this respect, the analogous purpose of insuring the reliability of evidence. We find, therefore, that an affidavit made by an unavailable declarant which is of sufficient reliability that it would be admissible in a Federal judicial proceeding as a declaration against penal interest is entitled to full weight in an administrative deportation proceeding. When, as here, the respondent's attempts to rebut the adverse implications of the affidavit have been found not credible on essential points by the trier of fact (see *Matter of S—*, 8 I. & N. Dec. 574 (BIA 1960)), and when the implications contained in the affidavit have been corroborated by other testimony given at the hearing, we must find that the Government has established its case by clear, convincing and unequivocal evidence. The appeal will therefore be dismissed.

ORDER: The appeal is dismissed.