MATTER OF WADUD

In Deportation Proceedings

A-13596115

*Decided by Board October 4, 1984*

An alien deportable under section 241(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(5) (1982), is not eligible for a waiver pursuant to section 212(c) of the Act, 8 U.S.C. § 1182(c) (1982), because no analogous ground of inadmissibility is enumerated in section 212(a) of the Act. *Matter of Hom*, 16 I&N Dec. 112 (BIA 1977); and *Matter of Tanori*, 15 I&N Dec. 566 (BIA 1976), modified.

CHARGE:
Order: Act of 1952—Sec. 241(a)(5) [8 U.S.C. § 1251(a)(5)]—Conviction under 18 U.S.C. § 1546

ON BEHALF OF RESPONDENT:
Stanley Wallenstein, Esquire
Schiano & Wallenstein
19 Rector Street, 36th Floor Penthouse
New York, New York 10006

ON BEHALF OF SERVICE:
Kendall Warren
General Attorney

BY: Milhollan, Chairman; Maniatis, Morris, and Vacca, Board Members. Board Member Dunne has abstained from consideration of this case.

The Immigration and Naturalization Service has appealed from a decision of the immigration judge dated April 15, 1982, finding the respondent deportable on his own admissions and granting his application for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1982). The appeal will be sustained and the record will be remanded to the immigration judge.

The respondent is a native of India and citizen of Bangladesh. The record reflects that he was admitted to the United States as a lawful permanent resident on October 4, 1966. The respondent has a son who was born out of wedlock in this country on December 22, 1968.

The respondent was convicted on November 21, 1979, in the United States District Court for the Southern District of New York of six counts of conspiracy to defraud and to commit offenses against the United States for which he was sentenced to 15 months' imprisonment. The offense with which we are concerned in this proceeding is the respondent's conviction for aiding and abetting another alien to obtain a visa, knowing it to have been procured by means of a false claim or to have been otherwise procured by fraud or unlawfully obtained in violation of 18 U.S.C. §§ 2 and 1546 (1982).[1]

---

[1] The provisions of 18 U.S.C. § 2 (1982), which relate to aiding and abetting in the commission of a criminal offense, state:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

The underlying offense of which the respondent was convicted was the violation of 18 U.S.C. § 1546 (1982), which provides as follows:

*Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, or document, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained;* or

Whoever, except under direction of the Attorney General or the Commissioner of the Immigration and Naturalization Service, or other proper officer, knowingly possesses any blank permit, or engraves, sells, brings into the United States, or has in his control or possession any plate in the likeness of a plate designed for the printing of permits, or makes any print, photograph, or impression in the likeness of any immigrant or nonimmigrant visa, permit or other document required for entry into the United States, or has in his possession a distinctive paper which has been adopted by the Attorney General or the Commissioner of the Immigration and Naturalization Service for the printing of such visas, permits, or documents; or

Whoever, when applying for an immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, or for admission to the United States personates another, or falsely appears in the name of a deceased individual, or evades or attempts to evade the immigration laws by appearing under an assumed or fictitious name without disclosing his true identity, or sells or otherwise disposes of, or offers to sell or otherwise dispose of, or utters, such visa, permit, or other document, to any person not authorized by law to receive such document; or

Whoever knowingly makes under oath any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement—

Shall be fined not more than $2,000 or imprisoned not more than five years, or both. *(Emphasis added.)*

In an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) issued on February 17, 1981, the Service charged the respondent with deportability under section 241(a)(5) of the Act, 8 U.S.C. § 1251(a)(5) (1976). That section provides, inter alia, that an alien who has been convicted of violating 18 U.S.C. § 1546 (1976) shall be deported.[2] The respondent conceded deportability on the basis of his conviction but applied for section 212(c) relief, asylum, and withholding of deportation. The immigration judge determined that the respondent was statutorily eligible for a waiver of inadmissibility under section 212(c) of the Act and that a favorable exercise of discretion was warranted. He therefore made no finding regarding the respondent's claim of persecution.

On appeal the Service argues that the immigration judge erred in finding that the respondent was eligible for section 212(c) relief and that he merited a waiver as a matter of discretion. We agree and shall sustain the appeal.

Section 212(c) of the Act provides that aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of 7 consecutive years, may be admitted in the discretion of the Attorney General without regard to certain specified grounds of exclusion enumerated in section 212(a) of the Act.

Although the statute describes a waiver available to aliens seeking to eliminate a ground of inadmissibility upon application to enter the United States, it has been interpreted to include availability for relief in deportation proceedings as well. *See Francis v. INS,* 532 F.2d 268 (2d Cir. 1976); *Matter of Granados,* 16 I&N Dec. 726 (BIA 1979); *Matter of Hom,* 16 I&N Dec. 112 (BIA 1977); *Matter of Silva,* 16 I&N Dec. 26 (BIA 1976); *Matter of Tanori,* 15 I&N Dec. 566 (BIA 1976). However, the Board has consistently held that section 212(c) of the Act can only be invoked in a deportation hearing where the ground of deportation charged is also a ground of inadmissibility. *Matter of Granados, supra; Matter of M-,* 5 I&N Dec.

---

[2] Section 241(a)(5), which relates to the violation of other offenses as well, provides for the deportation of any alien who

has failed to comply with the provisions of section 265 unless he establishes to the satisfaction of the Attorney General that such failure was reasonably excusable or was not willful, or has been convicted under section 266(c) of this title, or under section 36(c) of the Alien Registration Act, 1940, or has been convicted of violating or conspiracy to violate any provision of the Act entitled "An Act to require the registration of certain persons employed by agencies to disseminate propaganda in the United States, and for other purposes", approved June 8, 1938, as amended [see 22 U.S.C. § 618(c)], or has been convicted under section 1546 of title 18 of the United States Code.

642 (BIA 1954); *Matter of T–,* 5 I&N Dec. 389 (BIA 1953); *cf. Matter of Salmon,* 16 I&N Dec. 734 (BIA 1978); *Matter of Hom, supra; Matter of Tanori, supra.*[3]

In the instant case the respondent was charged with deportability under section 241(a)(5) of the Act which has no comparable ground of excludability among those specified in section 212(c). *See Matter of R–G–,* 8 I&N Dec. 128 (BIA 1958); *Matter of S–,* 7 I&N Dec. 536 (BIA 1957). The respondent argues, however, that his conviction involves moral turpitude and, consequently, would render him excludable under section 212(a)(9) of the Act if he were to apply for admission to the United States. Therefore, he contends that a section 212(c) waiver of inadmissibility should be available to him in these proceedings. In support of his assertions, he cites our decision in *Matter of Granados, supra,* where we concluded that a conviction for possession of a sawed-off shotgun, which was a deportable offense under section 241(a)(14) of the Act, could not be waived by section 212(c) because it was not one of the grounds of excludability specified in the statute. We further noted that it was not "a crime involving moral turpitude that would render the respondent excludable under section 212(a)(9) of the Act." *Id.* at 728.

Our statement in *Granados* as to whether the conviction in that case was a crime involving moral turpitude was dictum which is not controlling here. Furthermore, we need not determine whether the respondent's conviction was one involving moral turpitude because we decline to expand the scope of section 212(c) relief in cases where the ground of deportability charged is not also a ground of inadmissibility. Were we to hold otherwise, an anomolous situation would result in cases where deportability is charged under section 241(a)(5) of the Act since most of the offenses described in that section do not involve moral turpitude. To afford section 212(c) relief only to those aliens whose crime under section 241(a)(5) involved moral turpitude would be to reward those guilty of a more egregious offense for their greater culpability. We are unable to conclude that Congress intended such an inequitable consequence to ensue from the implementation of section 212(c). Therefore, we hold that deportability under section 241(a)(5) of the Act cannot be waived by section 212(c) because no analogous ground of inadmissi-

---

[3] In *Matter of Tanori, supra,* we stated that a waiver of inadmissibility may be granted in deportation proceedings if the alien was excludable at his last entry as a result of the same facts which formed the basis of his deportability. We repeated this conclusion in *Matter of Hom, supra,* noting that if the same ground of deportability would have rendered the alien inadmissible at his last entry, he could apply for a waiver in his deportation hearing. We shall withdraw from that language in each of these cases to the extent that it is inconsistent with our decision today.

bility is enumerated in section 212(a) of the Act. Accordingly, we conclude that the immigration judge erred in finding the respondent eligible for section 212(c) relief.

In any case, we also find the immigration judge's discretionary grant of a waiver to be in error. In determining that the adverse factors presented were outweighed by the favorable ones, the immigration judge stated that the only evidence of the respondent's bad moral character in the record was his conviction. He noted on the other hand that the respondent had a long period of residence in this country and a "good history of employment," that he "demonstrated the existence of substantial business and properties ties," and that his deportation would have a devastating effect on his child and the child's grandmother, with whom he formed a family unit.

The Service argues that the immigration judge failed to consider the adverse evidence of record, including a sentencing memorandum written by the United States Attorney in relation to the respondent's conviction. In the memorandum it is noted that the respondent was employed in violation of his student status during his early years of residence in this country and that he made misstatements denying his employment on applications for extension of stay and adjustment of status. The memorandum also discusses the respondent's exploitation of illegal aliens who were required to work long hours with little or no salary at his business establishments in order to obtain lawful permanent resident status. Several investigations by both state and federal agencies into the respondent's activities are related as well.

In *Matter of Marin,* 16 I&N Dec. 581 (BIA 1978), we stated that certain factors should be considered in determining whether a favorable exercise of discretion is warranted on a waiver request under section 212(c). Among the factors deemed adverse to an application are the nature and underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record, and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of an alien's bad character or undesirability as a permanent resident of this country.

Favorable considerations include such factors as family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the respondent was of a young age), evidence of hardship to the respondent and his family if deportation occurs, service in this country's Armed Forces, a history of employment, the existence of property or business ties, evidence of value and service to the community,

proof of a genuine rehabilitation if a criminal record exists, and other evidence attesting to the respondent's good character (e.g., affidavits from family, friends, and responsible community representatives). An alien applying for section 212(c) relief bears the burden of demonstrating that he merits a favorable exercise of discretion. *Matter of Marin, supra.*

The respondent was convicted of serious violations of our laws relating to immigration. His offenses include a scheme to perpetrate fraud against our government which continued over a period of about 7 years. Furthermore, the appellate conviction order indicates that the respondent was exploiting the aliens he hired by requiring them to work long hours without payment of salary. We find the respondent's blatant disregard for the law and his abuse of other aliens to be strong evidence of his bad character and his undesirability as a permanent resident of this country. The testimony of the family he lived with as an exchange student does not convince us of his good moral character.

Furthermore, unlike the immigration judge, we are unable to view the respondent's history of employment and business ties as favorable in light of the fraudulent schemes he was engaged in while pursuing his business ventures. In addition, the record reflects that he no longer owns the restaurant which he has been managing. His current ownership of other properties has not been established. We therefore conclude that the immigration judge erred in considering the respondent's employment history and business and property ties as equities.

The factors in the respondent's favor properly considered by the immigration judge include his long residence in this country and the hardship which will ensue from his deportation. The respondent's son is now 15 years of age and has spent his entire life in this country. However, his mother and his grandmother, with whom he has resided since infancy, are living in the United States. Although the respondent's deportation will no doubt result in hardship, both financial and emotional, we are not persuaded that such adversity and the respondent's long residence are sufficient to outweigh the significant negative factors of record. We therefore conclude that the immigration judge improperly granted section 212(c) relief in the exercise of discretion. The certificate presented by the respondent on appeal, indicating that the State of New York has removed all legal disabilities resulting from his conviction, does not alter our opinion in this regard.

We have reached our determination without consideration of the sentencing memorandum to which counsel has objected. However, we find that this document, which relates the respondent's numer-

ous additional violations of immigration and other laws, should properly have been considered by the immigration judge.

It is well established that the strict rules of evidence are not applicable in deportation proceedings. *See Martin-Mendoza* v. *INS,* 499 F.2d 918 (9th Cir. 1974); *Matter of DeVera,* 16 I&N Dec. 266 (BIA 1977). Furthermore, the regulations provide for the introduction into evidence of "any oral or written statement which is material and relevant to any issue in the case previously made by the respondent or any other person during any investigation, examination, hearing or trial." 8 C.F.R. § 242.14(c) (1984); *Matter of DeVera, supra.* The respondent has not denied the truth of the statements contained in the memorandum although the transcript of the hearing indicates that he was afforded an opportunity to do so.[4] Under the circumstances in this case, we conclude that it is appropriate to consider the sentencing memorandum in determining whether a favorable exercise of discretion is warranted.

Having reviewed the memorandum, we are further convinced that the respondent does not merit a grant of discretionary relief. Accordingly, the appeal of the Service will be sustained. Inasmuch as the respondent's additional requests for relief were not addressed by the immigration judge, we shall remand the record for further consideration of those applications.

**ORDER:** The appeal of the Immigration and Naturalization Service is sustained and the decision of the immigration judge is vacated.

**FURTHER ORDER:** The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion.

---

[4] The transcript reveals that the immigration judge granted counsel a 2-week period in which to notify the court whether he wished testimony to be taken regarding the memorandum. Since no further proceedings were held, it must be presumed that counsel elected not to have further examination on the document.