755 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHAKER A. AOUN, PETITIONER,
v.
IMMIGRATION AND NATURALIZATION SERVICE, RESPONDENT.
 NO. 81-3490
 United States Court of Appeals, Sixth Circuit.
 1/29/85
 
 BEFORE: LIVELY, Chief Judge; MARTIN and JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Chaker A. Aoun, seeks review of a decision of the Board of Immigration Appeals (Board) denying his motion for reconsideration and affirming the decision of the immigration judge. Deportation proceedings were commenced on December 10, 1979 and the hearing began on February 14, 1980. After the immigration judge found Aoun to be deportable under 8 U.S.C. Sec. 1251(c)(1) as an alien who procured a visa by fraud, Aoun appealed to the Board of Immigration Appeals. The Board affirmed the decision of the immigration judge and Aoun appeals. We AFFIRM that decision.
 
 
 2
 Aoun married Fatmeh Salmassi, a legal permanent resident, on June 15, 1975, while she was visiting in Lebanon. The marriage was arranged by the parents of Aoun and Salmassi prior to her return to Lebanon from the United States. Aoun and his family paid for Salmassi's travel to Lebanon and for the ceremony. Aoun and Salmassi lived together only briefly at the home of a relative after the ceremony. They never consummated their union. Within weeks of the ceremony, Salmassi obtained a visa for Aoun. After their brief cohabitation in Lebanon, Aoun left for the United States and left Salmassi in Lebanon. Salmassi later returned to the United States, but she had little contact with Aoun. They lived apart when in the United States. She obtained a divorce on September 7, 1976.
 
 
 3
 Aoun contends that the Board did not establish his deportability by clear, convincing and unequivocal evidence. Under 8 U.S.C. Sec. 1251(c)(1) the government must show that (1) the petitioner's marriage took place less than two years prior to entry into the United States, and (2) the marriage was judicially-terminated within two years after entry. Having proved that Aoun married Salmassi less than seven months prior to entry, the government was entitled to a presumption that the visa was procured by fraud. Sideropoulos v. INS, 357 F.2d 642, 643-44 (6th Cir. 1966); 8 U.S.C. Sec. 1251(c)(1). The burden then shifted to Aoun to establish that the marriage was not entered into for the purpose of evading immigration laws. Vasquez-Mondragon v. INS, 560 F.2d 1225 (5th Cir. 1977). There is substantial evidence to support the Board's conclusion that the marriage was procured for the purpose of obtaining a visa. Aoun's contention that the marriage was sincere is supported by very little evidence. He cites only to Salmassi's testimony that she had married Aoun upon the request of her parents and that she had expected to learn to love him once they were married. He also notes that she testified that she did not have sexual relations with Aoun. He argues that this testimony clearly shows that the marriage failed only because of Salmassi. He further contends that the judge erred in failing to credit his and Salmassi's testimony that their marriage had been sincere. The judge had found their testimony to be less than credible:
 
 
 4
 Neither [petitioner] nor his former wife testified without equivocation regarding the marriage, its purpose, its viability . . . nor was their testimony frank, convincing or spoken with candor when the facts surrounding their marriage were at issue.
 
 
 5
 This Court may not substitute its judgment for that of the immigration judge with respect to the credibility of testimony. Yaldo v. INS, 424 F.2d 501, 503 (6th Cir. 1970). We find that there is substantial evidence to support the Board's decision. Consequently, the judgment below is AFFIRMED.