# MATTER OF PAPAZYAN

## In Deportation Proceedings

## A-41072056

### *Decided by Board June 3, 1992*

(1) The Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, amended and redesignated the exclusion grounds found at section 212(a) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a) (1988); these amendments apply to individuals who entered the United States on or after June 1, 1991.

(2) The Immigration Act of 1990 amended and redesignated the deportation grounds found at section 241(a) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a) (1988); these amendments apply to aliens to whom notice of deportation proceedings has been provided on or after March 1, 1991.

(3) In light of the effective dates for the revised and redesignated exclusion and deportation grounds made by the Immigration Act of 1990, an alien in deportation proceedings who was provided with notice on or after March 1, 1991, is properly charged with deportability under the redesignated section 241(a)(1)(A) of the Act, 8 U.S.C. § 1251(a)(1)(A) (Supp. II 1990), as an alien excludable at time of his last entry in 1987 under the appropriate exclusion grounds in their form prior to redesignation by the Immigration Act of 1990.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1)(A) [8 U.S.C. § 1251(a)(1)(A)]—Excludable at entry under section 212(a)(14) [8 U.S.C. 1182(a)(14)]—No valid labor certification

Sec. 241(a)(1)(A) [8 U.S.C. § 1251(a)(1)(A)]—Excludable at entry under section 212(a)(19) [8 U.S.C. § 1182(a)(19)]—Fraud or willful misrepresentation of a material fact

Sec. 241(a)(1)(A) [8 U.S.C. § 1251(a)(1)(A)]—Excludable at entry under section 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF RESPONDENT:
Abbe Allen Kingston, Esquire
Kingston, Martinez & Hogan
1300 Santa Barbara Street
Santa Barbara, California 93101

ON BEHALF OF SERVICE:
David M. Dixon
Appellate Counsel

William Kiang
General Attorney

BY: Milhollan, Chairman; Heilman, Board Member; DeBernardis, Temporary Board Member

In a decision dated January 7, 1992, an immigration judge terminated the instant deportation proceedings on the ground that the Order to Show Cause and Notice of Hearing (Form I-221) was defective and, thus, that the proceedings had been improvidently begun. The Immigration and Naturalization Service appealed from that decision. The appeal will be sustained and the record will be remanded to the immigration judge for further proceedings.

The respondent is a native and citizen of Turkey who entered the United States on February 4, 1987, as a conditional permanent resident of the United States based on his marriage to a lawful permanent resident of the United States. The Service charges that the respondent's marriage was void on the ground that his spouse's divorce from her prior husband was invalid and that her marriage to the respondent was therefore a bigamous one. On April 15, 1991, the Service issued an Order to Show Cause charging the respondent with deportability under section 241(a)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(A) (Supp. II 1990), as an alien excludable at time of entry under sections 212(a)(14), (19), and (20) of the Act, 8 U.S.C. §§ 1182(a)(14), (19), and (20) (1982).

At a deportation hearing conducted on November 5, 1991, the respondent objected to the form of the charges contained in the Order to Show Cause for the reason that the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 ("1990 Act"), had redesignated the former grounds of excludability and deportability and that the charges in the Order to Show Cause reflected the older rather than the current provisions under which he should have been charged. The immigration judge continued the proceedings to allow the Service to amend the Order to Show Cause.

At the continued hearing date, the Service declined to amend the Order to Show Cause, arguing that its form was proper given the respondent's 1987 entry date. The respondent offered a copy of a Service memorandum dated March 1, 1991, which indicates that, to comply with the requirements of the 1990 Act, all Orders to Show Cause issued on or after March 1, 1991, must employ the revised deportation section designations created by that legislation. The immigration judge terminated the proceedings in light of this document without prejudice to the Service's preparation of another Order to Show Cause.

On appeal, the Service claims that the Order to Show Cause was proper as originally issued. It notes that the ground of deportation alleged therein, section 241(a)(1)(A) of the Act, is in the form as redesignated by the 1990 Act. This ground of deportability alleges, however, that the respondent was excludable at the time of his 1987 entry on several grounds. The Service has accordingly charged the

respondent's excludability under the relevant provisions of section 212 of the Act in their form prior to the enactment of the 1990 Act. The Service points out in this respect that the amendments to the section 212 exclusion grounds made in the 1990 Act were to be applied to "individuals entering the United States on or after June 1, 1991." Because the respondent entered in 1987, the Service argues, the former, not the current, exclusion grounds are properly charged in the Order to Show Cause. We agree.

The memorandum that the respondent offered at the deportation hearing in support of his claim that the Order to Show Cause was fatally defective states: "On all Orders to Show Cause (OSCs) served on and after March 1, 1991, all grounds of deportability must be cited in accordance with section 241 as revised ... by [the 1990 Act]." We note that the Order to Show Cause that relates to the respondent comports with this requirement: the respondent is charged with deportability under section 241(a)(1)(A) of the Act, which was formerly designated as section 241(a)(1).

In contrast to the deportation grounds in section 241 of the Act, however, the statutory language in the 1990 Act relating to the effective date of the newly designated exclusion grounds states: "[T]he amendments made by this section ... shall apply to individuals entering the United States on or after June 1, 1991." Section 601(e)(1) of the 1990 Act, 104 Stat. at 5077. Assuming for purposes of analysis that the factual allegations contained in the Order to Show Cause are true, the respondent is currently deportable as alleged therein because he was excludable at the time he entered the United States in 1987, i.e., before the effective date of the current exclusion grounds. It therefore follows that the Order to Show Cause properly alleges the respondent's current deportability under the redesignated section 241(a)(1)(A) of the Act, which in turn relates to grounds of excludability under section 212 as constituted at the time of his last entry in 1987. For the above reasons, the Service's appeal from the decision of the immigration judge will be sustained and the record will be remanded to the immigration judge.

**ORDER:** The order of the immigration judge terminating the deportation proceedings is set aside.

**FURTHER ORDER:** The record is remanded to the immigration judge for further proceedings in accordance with the foregoing decision.