Paljoka GJONAJ, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 93–4353.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 1, 1994.

Decided Feb. 23, 1995.

---

7. *See* 11 U.S.C. § 726.

Charles S. Owen (argued and briefed), Gatto, Bennett & Owen, Southfield, MI, for petitioner.

Edmund A. Sargus, Jr., U.S. Atty., Cincinnati, OH, James Montgomery, Dist. Director, I.N.S., Detroit, MI, Robert Kendall, Jr., Anthony W. Norwood (argued and briefed), U.S. Dept. of Justice, Immigration Litigation, Civ. Div., Washington, DC, for respondent.

Before: MILBURN, SUHRHEINRICH, and LAY,* Circuit Judges.

LAY, Circuit Judge.

Paljoka Gjonaj appeals the decision of the Board of Immigration Appeals (BIA) affirming the deportation order issued by the Immigration Judge (IJ). Gjonaj claims the BIA erred in determining him ineligible for: 1) relief under section 212(c) of the Immigration and Nationality Act (INA), as amended, 8 U.S.C. § 1182(c); 2) withholding of deportation under section 243(h), 8 U.S.C. § 1253(h); and 3) asylum under section 208, 8 U.S.C. § 1158. We affirm.

In 1969, at six months of age, Gjonaj entered the United States with his parents as a refugee from Yugoslavia. In June 1972, Gjo-naj became a lawful, permanent resident with his status adjusted retroactively to his date of entry. On December 4, 1990, Gjonaj was convicted of assault with intent to murder under Mich. Comp. Laws § 750.83, and of a felony firearm violation under Mich. Comp. Laws § 750.227B. He was sentenced to a minimum of five years and maximum of twenty years for the assault to be served consecutively with a two-year sentence for the firearm violation.

The Immigration and Naturalization Service (INS) sought to deport Gjonaj under section 241(a)(2)(C) of the INA, 8 U.S.C. § 1251(a)(2)(C), which renders an alien convicted of certain firearm offenses deportable, and under section 241(a)(2)(A)(iii), 8 U.S.C. § 1251(a)(2)(A)(iii), which renders an alien convicted of an aggravated felony after entry deportable. An Order to Show Cause was served on Gjonaj on March 31, 1992.

On August 23, 1993, Gjonaj appeared before an Immigration Judge at Jackson State Prison in Jackson, Michigan. The INS withdrew its charge that Gjonaj was deportable under 1251(a)(2)(A)(iii). It did so because Gjonaj committed his crime before the effective date of the Immigration Act of 1990, Pub.L. No. 101–649, 104 Stat. 4978. The 1990 Act added "crimes of violence" to the definition of "aggravated felony" under section 101(a)(43), 8 U.S.C. § 1101(a)(43). The INS reasoned that because the effective date of the Act was November 29, 1990, and because Gjonaj was convicted of a "crime of violence" before that date, his crime could not be considered an "aggravated felony" for purposes of the INA. Gjonaj, who was represented by counsel, did not object to the withdrawal of the charge.

Gjonaj admitted he is deportable under 1251(a)(2)(C) for his firearm offense but requested relief under section 212(c), a section courts have interpreted as giving the Attorney General discretion to waive deportation for certain aliens. He also requested asylum and withholding of deportation. The INS argued Gjonaj is not eligible for relief under

---

*The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

section 212(c). In addition, the INS argued Gjonaj is statutorily barred from asylum and withholding of deportation because he had been convicted of a "particularly serious crime." 8 U.S.C. § 1253(h)(2)(B); 8 C.F.R. § 208.14(d)(1).

The IJ ordered Gjonaj deported and he appealed. The BIA affirmed. On appeal to this court, Gjonaj asserts the BIA erred in refusing to remand his case to the IJ to hear evidence concerning the circumstances of his crime, evidence that would show he did not commit a "particularly serious crime." Gjonaj also argues he was erroneously determined ineligible for section 212(c) relief. He contends he was convicted of an "aggravated felony" and because he has not yet served five years pursuant to that conviction, he is eligible for a discretionary waiver of deportation.[1] Finally, Gjonaj claims the BIA and IJ erred in concluding there needed to be an exclusion ground under 212(a) corresponding to the deportation ground, 1251(a)(2)(C) (firearms offense), for him to be eligible for section 212(c) relief.

■ We have jurisdiction over this appeal under 8 U.S.C. § 1105a. We review questions of law involved in a deportation order de novo. *Zaitona v. I.N.S.*, 9 F.3d 432, 436 (6th Cir.1993).

### Title 8 U.S.C. § 1253(h)(2)(B)

■ We agree with the BIA that assault with a firearm with an intent to murder is intrinsically a "particularly serious crime" within the meaning of that phrase under section 243(h)(2)(B), 8 U.S.C. § 1253(h)(2)(B). Section 1253(h) states, in part:

(1) The Attorney General shall not deport or return any alien ... if ... such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion.

(2) Paragraph (1) shall not apply to any alien ...

(B) ... [who] having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community....

Petitioner urges that the BIA erred in refusing to hear the facts involved in his crime, contending the facts would reveal his crime was not "particularly serious."

We find, as a matter of law, there is no evidence Gjonaj could present that would render his crime not particularly serious. No factual investigation is required to prove that assault with a firearm with the intent to murder is a particularly serious crime. Therefore, withholding of deportation under section 243(h)(1), 8 U.S.C. § 1253(h)(1), is not available to Gjonaj.[2] Asylum under section 208, 8 U.S.C. § 1158(a), is not available to Gjonaj for the same reason. *See* 8 C.F.R. § 208.14(d)(1) (stating an application for asylum shall be denied to aliens convicted of "a

---

1. Section 212(a), 8 U.S.C. § 1182(a), excludes certain categories of aliens from entry into the United States. Section 212(c) provides the Attorney General with discretion to admit most categories of aliens excluded under 212(a). Case law has extended both these sections to apply to people facing deportation. *See, e.g., Gonzalez v. I.N.S.*, 996 F.2d 804, 806 (6th Cir.1993). A person facing deportation may be eligible for a waiver of deportation under 212(c), a waiver the Attorney General has the discretion to grant or deny. In 1990, 212(c) was amended by section 511 of Public Law 101–649 by the addition of one sentence. Section 212(c) now reads:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section (other than paragraphs (3) and (9)(C)).... *The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.*

(italics added to indicate amending language). Gjonaj argues that because he has been convicted of an aggravated felony, but has not *yet* served five years, the last sentence of 212(c) does not apply to him. Thus, the first sentence does apply and because he was lawfully admitted and has resided in the United States for more than seven years, he is eligible for a waiver from deportation.

2. *See also* 8 C.F.R. § 208.16(c)(2)(ii) (stating withholding of deportation shall be denied to aliens convicted of "a particularly serious crime" constituting "a danger to the community").

particularly serious crime" which "constitutes a danger to the community").

*Section 212(c)—Deportation*

The petitioner next argues that the amendment of 212(c) by the Immigration Act of 1990, Pub.L. No. 101–649, 104 Stat. 5052, makes aliens who have been convicted of an aggravated felony and who have not served five or more years in prison eligible for a discretionary waiver of deportation. Two considerations solidly defeat his argument.

■ First, as earlier indicated, the statute expanding the definition of "aggravated felony" to include crimes of violence was not in effect at the date of his conviction. Gjonaj responds to this reading of the statute by arguing that the crime of illegally possessing a firearm was an "aggravated felony" as that term was defined as of the date of his crime. After November 18, 1988, an "aggravated felony" under section 1101(a)(43) included "any illicit trafficking in any firearms." *See* Pub.L. No. 100–690, 102 Stat. 4469. Gjonaj contends that illegal possession of a firearm is a lesser included offense of trafficking. He also believes the remedial intent of Congress in amending section 212(c) in 1990 to allow eligibility for a discretionary waiver of excludability for *some* aggravated felons, *i.e.*, those who have not served five years in prison, would be frustrated were he not considered an aggravated felon. We disagree with both contentions. Possession is not necessarily an element of trafficking in firearms and it is not remedial to make someone

guilty only of illegal possession of a firearm an aggravated felon.

■ Second, there is no ground for exclusion under section 212(a) that is comparable to Gjonaj's ground for deportation.[3] Numerous courts have held there must be a comparable ground of exclusion for an alien in deportation proceedings to be eligible for section 212(c) relief.[4] We decline to change this well-established rule.

**AFFIRMED.**

---

**3.** Gjonaj is deportable under section 1251(a)(2)(C) which renders deportable "[a]ny alien who at any time after entry is convicted under any law of ... using, owning, possessing, or carrying in violation of any law, any ... firearm...." There is no ground for exclusion that is comparable. Other grounds of deportation for which there is not a comparable ground for exclusion include entry without inspection, section 1251(a)(1)(B), and willful failure to notify the Attorney General of a change in address, section 1251(a)(3)(A).

**4.** *See, e.g., Rodriguez–Padron v. I.N.S.*, 13 F.3d 1455, 1459–61 (11th Cir.1994); *Rodriguez v. I.N.S.*, 9 F.3d 408, 412–13 (5th Cir.1993); *Leal–Rodriguez v. I.N.S.*, 990 F.2d 939, 948–51 (7th Cir.1993); *Campos v. I.N.S.*, 961 F.2d 309, 311–14 (1st Cir.1992); *Cabasug v. I.N.S.*, 847 F.2d 1321, 1326–27 (9th Cir.1988); *Matter of Hernan-*

*dez–Casillas,* Interim Decision 3147, at 37–41 (A.G.1991), *aff'd mem.,* 983 F.2d 231 (5th Cir. 1993).

The one circuit to have seemingly rejected this approach did so in a totally different context. In *Bedoya–Valencia v. I.N.S.*, 6 F.3d 891, 895–97 (2d Cir.1993), the Second Circuit allowed eligibility for section 212(c) relief with respect to the deportation ground of entry without inspection. The court reasoned that entry without inspection could not logically be a ground for exclusion, and absent any indication of congressional intent to deny section 212(c) relief to such persons, they should be eligible for it. Although the Second Circuit might do so, no court has thus far determined that section 212(c) relief is available when the grounds for deportation is a firearm violation under section 1251(a)(2)(C).