UNITED STATES COURT OF APPEALS

**Filed 3/28/96**

TENTH CIRCUIT

MUSHTAQ SAMUEL,

      Petitioner,

vs.

IMMIGRATION & NATURALIZATION
SERVICE,

      Respondent.

No. 95-9523
On Petition for Review From the
Board of Immigration Appeals
(No. A37-515-631)

ORDER AND JUDGMENT[*]

Before PORFILIO, KELLY and LUCERO, Circuit Judges.[**]

Petitioner Mushtaq Samuel, who immigrated to the United States in 1981 when he was nine years old, seeks review of the Board of Immigration Appeals' decision that he is ineligible for a waiver of inadmissibility, 8 U.S.C. § 1182(c). He concedes

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

deportability having been convicted of a firearms violation.  See 8 U.S.C. §

1251(a)(2)(C).  Our jurisdiction arises under 8 U.S.C. § 1105a(a).

Section 1182(c) pertains to the admissibility of  permanent resident aliens

returning to the United States and allows the Attorney General to waive numerous

grounds of exclusion.  The statute has been extended, on equal protection grounds, to

some deportation cases involving long-term permanent residents.  See Francis v. INS, 532

F.2d 268, 272-73 (2d Cir. 1976).  A requirement of the statute's application in the

deportation context has been that the ground of deportation to be waived must have an

analogous ground of exclusion which could be waived under § 1182(c).  Komarenko v.

INS, 35 F.3d 432, 434 (9th Cir. 1994).  It has been held, over constitutional challenge,

that § 1182(c) waiver is unavailable when the ground of deportation is a firearms

conviction because there is no sufficiently analogous ground of exclusion.  See Gjonaj v.

INS, 47 F.3d 824 (6th Cir. 1995); Rodriguez-Padron v. INS, 13 F.3d 1455 (11th Cir.

1994); Rodriguez v. INS, 9 F.3d 408 (5th Cir. 1993);  Campos v. INS, 961 F.2d 309 (1st

Cir. 1992); Cabasug v. INS, 847 F.2d 1321 (9th Cir. 1988).  This is not a case where the

ground of deportation "could not conceivably have" a counterpart among the statutory

grounds of exclusion.  See Bedoya-Valencia v. INS, 6 F.3d 891, 897 (2d Cir. 1993)

(extending § 1182(c) where ground of deportation was entry without inspection).

We have carefully considered Petitioner's arguments for a contrary interpretation,

but we cannot conclude that the Attorney General's interpretation and limitation of this

judicially-created doctrine is unreasonable.  We do recognize that Mr. Samuel will be deported to Pakistan, a country with which he has few ties and little experience, having spent his childhood and early adult life with his family in the United States.  While we may be of the opinion that what the Attorney General is doing is abominable given the circumstances, all of the precedent leads only to one rule of law, from which we are not inclined to depart.

REVIEW DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge