NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0232n.06
Filed: March 26, 2009

No. 08-3012

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HEINRICH ERB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF A |
| | ) | FINAL ORDER OF THE BOARD OF |
| ERIC H. HOLDER, JR., United States Attorney | ) | IMMIGRATION APPEALS |
| General,* | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Before: KETHLEDGE and WHITE, Circuit Judges; POLSTER, District Judge.**

KETHLEDGE, Circuit Judge. Petitioner Heinrich Erb seeks review of a Board of Immigration Appeals (BIA) order affirming the denial of his request for a waiver of removal. We deny Erb's petition.

I.

---

*Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. is substituted for former Attorney General Michael B. Mukasey.

**The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

Erb is a native and citizen of Germany. He immigrated to the United States in 1957 at age four. In 1993, Erb pleaded guilty to three counts of gross sexual imposition under Ohio law, for which he served three years and eleven months in prison.

In 2004, the former Immigration and Naturalization Service (INS), which is now part of the Department of Homeland Security (DHS), issued Erb a Notice to Appear (NTA) before an immigration judge (IJ). The NTA charged Erb with being subject to removal for having "been convicted of an aggravated felony as defined in section 101(a)(43)(A) of the" Immigration and Nationality Act (INA) for "sexual abuse of a minor." J.A. 63. Erb sought a waiver of removal pursuant to former INA § 212(c), 8 U.S.C. § 1182(c) (1994). The IJ found Erb ineligible for § 212(c) relief, and ordered him removed to Germany. The BIA affirmed in a written order. This petition for review followed.

II.

Erb argues that the BIA erred in finding him ineligible for § 212(c) relief. We review the BIA's legal determinations "*de novo*, while granting substantial deference to the BIA's interpretation of the [INA] and the INA's accompanying regulations." *Koussan v. Holder*, __F.3d__, 2009 WL 330999 at *2 (6th Cir. Feb. 12, 2009).

Former INA § 212(c) "provided for a discretionary waiver of certain grounds of inadmissibility under section 212(a)." *In re Blake*, 23 I. & N. Dec. 722, 724 (BIA 2005). Section 212(a) listed various classes of individuals "who are ineligible to receive visas and who shall be excluded from admission into the United States[,]" including persons convicted of "crime[s] involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A) (1994). Former § 212(c) provided, however,

that "[a]liens lawfully admitted for permanent resident [sic] who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General[.]" *Id.* § 1182(c).

By its terms, former § 212(c) applied only to aliens seeking *readmission* to the United States, but "[o]ver the last 30 years . . . the BIA and the courts have extended § 212(c) relief to aliens seeking to avoid *removal*[.]" *Thap v. Mukasey*, 544 F.3d 674, 677 (6th Cir. 2008) (emphasis added); *but see Abebe v. Mukasey*, __F.3d__, 2009 WL 50120 (9th Cir. Jan. 5, 2009) (en banc) (holding that § 212(c) relief is not available in removal proceedings). But the rule in this circuit, as in most others, is that such aliens are eligible for § 212(c) relief only if their ground of removability has a "comparable ground of exclusion"—or "statutory counterpart"—in § 212(a). *See Thap*, 544 F.3d at 679 (collecting cases). In 2004, the BIA codified this statutory-counterpart rule in 8 C.F.R. § 1212.3(f)(5).

In 1996, Congress repealed § 212(c). *See* Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. 104-208, 110 Stat. 3009-594. Nonetheless, the Supreme Court held in *INS v. St. Cyr*, 533 U.S. 289, 326 (2001), that "§ 212(c) relief remains available for aliens [who] . . . would have been eligible for § 212(c) relief at the time of their plea under the law then in effect."

Erb presents several arguments as to why, at the time of his plea, he would have been eligible for § 212(c) relief under the law then in effect. First, Erb argues that the statutory-counterpart rule does not apply to him because he made his plea before we formally recognized that rule in *Gjonaj*

*v. INS*, 47 F.3d 824, 826 (6th Cir. 1995). *See* Pet'r Br. at 11. He argues that 8 C.F.R. § 1213.3(f)(5) does not apply to him for the same reason.

But we did not announce a new rule in *Gjonaj*. Rather, we "decline[d] to change" the "*well-established* rule" that "there must be a comparable ground of exclusion for an alien in deportation to be eligible for section 212(c) relief." *Gjonaj*, 47 F.3d at 827 (emphasis added). That is a characterization that we must accept for purposes of this appeal. We applied that rule in *Gjonaj* to a petitioner who had pleaded guilty to his offense in *1990*, three years before Erb's guilty plea here. Therefore, we are bound by precedent to apply the statutory-counterpart rule to Erb here. That the BIA did not codify the rule until 2004 in 8 C.F.R. § 1213.3(f)(5) is irrelevant. "Section 1213.3(f)(5) is simply the agency's codification of [a] preexisting, judicially created rule." *Valere v. Gonzalez*, 473 F.3d 757, 761 (7th Cir. 2007). And that rule, as shown above, existed when Erb made his plea.

Erb next contends that his ground of removability finds a counterpart in § 212(a)'s "crime involving moral turpitude." He asserts that the conduct that led to his gross-sexual-imposition conviction was "inherently base, vile, or depraved[,]" and thus that it "is very clear that [his] actions involved moral turpitude." Pet'r Br. at 26.

Erb's argument is again foreclosed by precedent. The "statutory ground of removal"—and not the "factual basis of the underlying criminal activity"—must "have a 'substantially identical' counterpart in the statutory grounds for exclusion in order to qualify for section 212(c)[.]" *Thap*, 544 F.3d at 679 (quoting *Caroleo v. Gonzalez*, 476 F.3d 158, 168 (3d Cir. 2007)). It simply does "not matter [that Erb's] actions . . . could be considered a crime of moral turpitude *as well as* an

aggravated felony" for sexual abuse of a minor; and "it is beside the point that a different ground of deportation (*e.g.*, the 'crimes of moral turpitude' ground) might have been waived *if* it also had been invoked against him." *Id.* at 678-79 (emphasis in original).

Here, the DHS seeks to deport Erb under INA § 237 on the ground that he was convicted of an "aggravated felony" for "sexual abuse of a minor" under INA § 101(a)(43)(A). That is his statutory ground for removal. There is no "substantially identical" statutory counterpart to that ground in § 212(a), since that subsection does not include conviction of an "aggravated felony" or of "sexual abuse of a minor" as a ground of inadmissibility. *Id.*; *see also Blake*, 23 I. & N. Dec. at 727 ("although there may be considerable overlap between offenses characterized as sexual abuse of a minor and those considered crimes of moral turpitude, these two categories of offenses are not statutory counterparts"); *Avilez-Granados v. Gonzalez*, 481 F.3d 869, 872 (5th Cir. 2007) ("[t]here is no textual link between sexual abuse of a child and crimes involving moral turpitude to indicate that Congress had the same class of offenses in mind when in enacted the two provisions . . . . Absent this textual link, we cannot extend § 212(c) relief to cover any crime that common-sense might classify as involving moral turpitude"); *Soriano v. Gonzalez*, 489 F.3d 909, 909 (8th Cir. 2007) (per curiam) ("the ground for which [the petitioner] was found removable—the aggravated felony of sexual abuse of a minor—does not have a statutory counterpart in the grounds of admissibility listed in INA § 212(a)"). Erb is therefore ineligible for § 212(c) relief.

Finally, Erb argues that, because we owe no deference to the BIA's interpretation of § 212, we should abandon the statutory-counterpart rule altogether. He argues that the rule creates an asymmetry between aliens seeking readmission, who can seek § 212(c) waivers on the ground that

their offenses involved "moral turpitude," and aliens facing removal for the same offenses, who cannot.

But precedent forecloses those arguments as well. We have long recognized the statutory-counterpart rule in precisely this form, *see Gjonaj*, 47 F.3d at 827, and recently reaffirmed it on two occasions, *see Thap*, 544 F.3d at 678-79; *Koussan*, __F.3d at __, 2009 WL 330999 at *5. In so doing, we have aligned this circuit with nearly every other circuit that has considered the issue. Our decision here, then, is based not on undue deference to the BIA, but on adherence to our precedent.

We therefore deny Erb's petition.

WHITE, Circuit Judge, concurring. I agree that precedent precludes us from granting relief. I observe, however, that there is an unsettling incongruity in refusing to apply § 212(c) to grounds for removal that would be subject to discretionary waiver under § 212(c) were the alien seeking readmittance rather than waiver of deportation.